IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 18-cv-00789-RBJ-SKC

WYATT T. HANDY, JR.,
ASHLEE M. HANDY,

    Plaintiffs,

v.

TERA L. FISHER, AND
BRANDON H. JOHNSON

    Defendants.

_____

**ORDER GRANTING MOTION TO STRIKE PLAINTIFFS' RESPONSE
TO MOTION FOR SUMMARY JUDGMENT [#94]**
_____

This order addresses Defendants' Motion to Strike Plaintiffs' Response to Motion for Summary Judgment [#94] ("Motion").[1] The Court has reviewed the Motion and Plaintiffs' Response to Motion for Summary Judgment [#92] ("Response"), which Defendants seek to strike. The Court has also reviewed the Local Rules of Practice and District Judge Jackson's Practice Standards as they pertain to the Motion. While the Motion is not fully briefed, nothing precludes the Court from ruling on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d).

No hearing is necessary to resolve the Motion. The Motion is GRANTED for the following reasons:

---

[1] The Court uses "[# __ ]" to refer to docket entries in CM/ECF.

1

My Practice Standards for Civil Cases inform that "parties shall comply with the presiding Article III District Judge's practice standards for all motions referred to this Court." SKC Practice Standards §E.2. In turn, District Judge Jackson's Practice Standards provide that responses to summary judgment motions "should not exceed 20 pages." RBJ Practice Standards at p.2. Further, among other formatting requirements, Local Rule of Practice 10.1 provides that "[a]ll pleadings and documents shall be double spaced." D.C.COLO.LCivR 10.1(e). Taken together, Plaintiffs' Response may not exceed 20 double-spaced pages.

Plaintiffs' Response violates Local Rule 10.1(e) because it is single-spaced. Plaintiffs' *pro se* status does not excuse their failure to comply with Rule 10.1(e). *See Shell v. Am. Family Rights Ass'n*, 899 F. Supp.2d 1035, 1044 (D. Colo. 2012) ("[P]ro se status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party."). Indeed, Plaintiffs have routinely double-spaced their filings to date.

Because the Response is 17 pages single-spaced, it is evident that, when properly double-spaced, it would exceed Judge Jackson's limit of 20-pages. If the Response had complied with Local Rule 10.1(e), it would have totaled approximately 34 pages double-spaced. Thus, the Response also fails to comply with Judge Jackson's Practice Standards.

The Motion [#94] is GRANTED for these reasons. IT IS ORDERED that Plaintiffs' Response to the Motion for Summary Judgment [#92] is STRICKEN. IT IS FURTHER

ORDERED that Plaintiffs shall have until **December 23, 2019** to file a response to the motion for summary judgment that complies with Judge Jackson's Practice Standards and the Local Rules. Plaintiffs are warned that failure to file a response that complies with Local Rule of Practice 10.1 and Judge Jackson's practice standards may result in the response being summarily stricken without leave to refile.

DATED: December 12, 2019

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge