IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 18-cv-00789-RBJ-SKC

WYATT T. HANDY, JR.,
ASHLEE M. HANDY,

    Plaintiffs,

v.

TERA L. FISHER, AND
BRANDON H. JOHNSON

    Defendants.

_____

**ORDER DENYING MOTION FOR RULE 56(D) DISCOVERY [#90]**
_____

This order addresses Plaintiffs' Motion for Discovery under Federal Rule of Civil Procedure 56(d) [#90] ("Motion").[1] The Court has reviewed the Motion, Plaintiff Wyatt T. Handy Jr.'s Declaration [#91], Defendants' Response [#104], Plaintiffs' Reply [#105], and the applicable laws. No hearing is necessary to resolve the Motion. For the following reasons, the Court DENIES the Motion.

### A. DISCUSSION

Defendants filed their Motion for Summary Judgment [#80] on October 28, 2019. Plaintiffs' filed their Response on December 20, 2019. [*See* #103][2] That same day,

---

[1] The Court uses "[# __ ]" to refer to docket entries in CM/ECF.
[2] The Court struck Plaintiffs' original Response to the Motion for Summary Judgment [#92] for failure to comply with Judge Jackson's Practice Standards and the Local Rules of

1

Plaintiffs filed the Motion requesting the Court deny or defer consideration of the Motion for Summary Judgment. [#90 at p.1.] As grounds for this request, they claim that they "have not been permitted to conduct discovery" and are "unable to present facts essential to its opposition to the [Summary Judgment Motion] because the facts are in the exclusive custody and control of the Defendants." [#90 at p.1.]

A party's request under Rule 56(d) of the Federal Rules of Civil Procedure is left to the discretion of the trial court. *See Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984). "The trial court may deny the affiant's request for additional time, deny the motion for summary judgment, order a continuance for additional discovery or make such other order as is just." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (internal quotation and citation omitted).

The party seeking relief under Rule 56(d) must show with specificity how the additional time will enable them to meet their burden in opposing summary judgment. *See Pasternak v. Lear Petroleum Exploration, Inc.* 790 F.2d 828, 833 (10th Cir. 1986) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). "[I]f the party filing the Rule 56[(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Jensen*, 998 F.2d at 1554 (citing *Patty Precision*, 742 F.2d at 1264-65); *see also Campbell*, 962 F.2d at 1522 ("Unless dilatory or lacking in merit, the motion should be liberally treated.").

---

Practice, and ordered them to refile their Response. [*See* #97.] Plaintiffs' refiled their Response on December 20, 2019. [#103.]

2

This Court has already found that the IA Reports and CAD Notes Plaintiffs' seek are "not relevant or proportional to the needs of the case." [#85 at p.13 ("Records of all of Fisher's contacts with other people at the subject location is not relevant or proportional to the claims or defenses in this case regarding the lawfulness of Defendants' detention and investigation of these Plaintiffs".] The Declaration does nothing beyond mere conclusory statements to negate the Court's ruling on the question of the requested IA Reports and CAD Notes' relevance. [*See* #91;] *see also Jensen*, 998 F.2d at p.1554 (holding that conclusory affidavits are insufficient to support a motion under Rule 56(d)). No amount of additional time to obtain the IA Reports and CAD Notes will alter their relevancy to the remaining claims. On this basis alone, the Motion should be denied.[3] *Patty Precision*, 742 F.2d at 1264-65 ("[I]f . . . the information sought is . . . irrelevant to the summary judgment motion . . .no extension will be granted.").

Plaintiffs' only other justification for their Rule 56(d) relief is factually inaccurate and without merit. First, Plaintiffs assert that they "have not been permitted to conduct discovery." [#90 at p.1.] This is untrue. The Court afforded Plaintiffs the presumptive limit of written interrogatories and requests for production and admissions under the Federal Rules of Civil Procedure. [*See* #35 at pp. 5-6.] Additionally, the Court granted them an over 7-month extension of the original Discovery Deadline. [*Compare id.* at p.7 and #70.]

---

[3] The fact that Plaintiffs have had an opportunity to discovery information that is essential to their opposition of the Motion for Summary Judgment lends additional support to this holding. *See Price*, 232 F.3d at 789 ("The general principle of Rule 56(d) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.").

Plaintiffs served "their full allotment of interrogatories and document requests" in this matter. [#85 at p. 12.] When Plaintiffs' objected to Defendants' responses to their written discovery, the Court compelled disclosure of additional relevant documents. [*See* #65.] The Court even entertained, and ultimately denied, Plaintiffs' second motion to compel discovery. [*See* #85.] For Plaintiffs' to now assert that they "have not been permitted to conduct discovery" is patently untrue. [#90 at p.1.]

Plaintiffs' further assert that without the IA Reports and CAD Notes, discovery is incomplete, and they are "unable to fully present facts essential to its opposition to the [Motion for Summary Judgment], because those facts are in the exclusive custody and control of the Defendants." [#90 at p.1.] These assertions lack merit. In the Tenth Circuit, "Rule 56[(d)] may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable . . . ." *Pasternak*, 790 F.2d at 833 (quoting *Patty Precision*, 742 F.2d at 1264). "Moreover, merely asserting that the evidence supporting a party's allegation is in the hands of the opposing party is insufficient to justify a denial of a motion for summary judgment under" the Rule. *Jensen*, 998 F.2d at p.1554 (internal quotation, citation, and alliteration omitted).

## B. CONCLUSION

For the foregoing reasons, the Motion [#90] is DENIED.

DATED: January 6, 2020

BY THE COURT:

_____

S. Kato Crews
United States Magistrate Judge