IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 18-cv-789-RBJ-SKC

WYATT T. HANDY, JR. and
ASHLEE M. HANDY,

    Plaintiffs,

v.

TERA L. FISHER and
BRANDON H. JOHNSON,

    Defendants.

## ORDER

    This case is before the Court on pro se plaintiffs Ashlee M. Handy and Wyatt T. Handy, Jr.'s motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e), ECF No. 122. Plaintiffs ask this Court to revise its previous order on defendants Tera L. Fisher and Brandon H. Johnson's motion for summary judgment, ECF No. 118. For the following reasons the motion is denied.

## STANDARD OF REVIEW

    The Federal Rules of Civil Procedure do not explicitly provide for a motion to reconsider. Instead, litigants subject to an adverse final judgment who seek reconsideration by the district court of that judgment may make "[a] motion to alter or amend" that judgment within 28 days of entry of judgment. Fed. R. Civ. P. 59(e). A court may alter or amend the judgment under Rule 59(e) in its discretion when there is "(1) an intervening change in the controlling law, (2) new

1

evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## ANALYSIS

I have described the facts of this case in several previous orders, *see* ECF Nos. 47, 118, and so I do not do so again here. To briefly summarize, in the early morning of April 14, 2016, pro se plaintiffs pulled their vehicle into a convenience store parking lot in Conifer, Colorado. ECF No. 1 ¶ 8–9. Within a minute of the plaintiffs entering the parking lot, Deputy Fisher had parked behind plaintiffs' vehicle, activated her emergency lights, and radioed for backup. *Id.* ¶ 15–18. Deputies Fisher and Johnson approached the plaintiffs' vehicle with their weapons drawn and requested both plaintiffs' identification. *Id.* ¶ 19–25. Defendants eventually released plaintiffs, and plaintiffs filed this lawsuit, claiming defendants' actions violated their Fourth Amendment rights against search and seizure. *Id.* ¶ 30.

In their motion for summary judgment, defendants asserted, among other things, that they were entitled to qualified immunity for plaintiffs' Fourth Amendment claim. *See* ECF No. 80. I found that though plaintiffs had stated a Fourth Amendment violation, they had not met their burden in showing that such a violation was clearly established. *See* ECF No. 118 at 11–12. Therefore, I concluded defendants were entitled to qualified immunity and granted their motion for summary judgment. *Id.* at 12.

Plaintiffs' present motion presents two arguments. First, plaintiffs argue that defendants failed to adequately plead and develop their qualified immunity defense, and so should not have been granted qualified immunity. ECF No. 122 at 7. Second, plaintiffs argue that this court incorrectly concluded that plaintiffs provided no case law evidencing the violation was clearly established. *Id.* at 7–8. I address each argument in turn.

2

### A. <u>Whether Defendants Failed to Plead and Develop Qualified Immunity Defense</u>

In my order on defendants' summary judgment motion I noted that defendants had only presented an argument on the first prong of the qualified immunity analysis. ECF No. 118 at 11. Plaintiffs claim that by neglecting to argue that the law was not clearly established defendants failed to meet their burden of pleading and developing their qualified immunity defense. ECF No. 122 at 6–7.

Plaintiffs note that "qualified immunity is an affirmative defense" and "the burden of pleading it rests with the defendant." *Montoya v. Vigil*, 898 F.3d 1056, 1063 (10th Cir. 2018) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 586–87 (1998)).[1] On the other hand, defendants correctly point out that "by asserting the qualified-immunity defense, [defendants] triggered a well-settled twofold burden that [plaintiffs were] compelled to shoulder." *Cox v. Glanz*, 800 F.3d 1231, 1245 (10th Cir. 2015). "When a defendant asserts qualified immunity at summary judgment, the burden shifts to the *plaintiff*, who must clear *two hurdles* in order to defeat the defendant's motion." *Id.* (quoting *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009)) (emphasis in original).

In *Montoya v. Vigil* the Tenth Circuit found the defendant had not asserted qualified immunity before the trial court and could not do so for the first time on appeal. 898 F.3d at 1063–65. The court rejected defendants' argument that it had sufficiently asserted a qualified immunity defense below by raising a failure-to-state-a-claim argument. *Id.* at 1065. Such an argument, without more, "fails to notify either the district court or the plaintiff that the defendant is invoking qualified immunity." *Id.*

---

[1] Plaintiffs also cite out-of-circuit case law for the same principle. *See* ECF No. 122 at 6–7.

*Montoya* is not applicable here. Defendants explicitly asserted qualified immunity in their motion for summary judgment and developed in detail their argument on the first prong. ECF No. 80. Though they did not develop their argument on the second prong in any detail, their assertion was sufficient to notify the district court and the plaintiffs of their defense and shift the burden to the plaintiffs. *See Cox*, 800 F.3d at 1245 (finding that "however poorly asserted," defendant's brief presented a qualified immunity defense, which "*necessarily* included the clearly-established-law question," and shifted burden to plaintiff).

My previous order did not misapprehend the law and correctly concluded that defendants had asserted a qualified immunity defense, which plaintiffs were required to rebut.

### B. Whether Plaintiffs Met Their Burden of Showing the Violation was Clearly Established

My order also stated that I would construe pro se plaintiffs' brief liberally and examine any case law they present to determine whether such a violation was clearly established. ECF No. 118 at 11. Plaintiffs now point out that I neglected to expressly examine several cases they cited at various points in their response brief. ECF No. 122 at 8–11. Plaintiffs' motion presents four cases they allege show the violation was clearly established. *Id.* Plaintiffs' reply claims they cited eight cases that this Court should have examined but does not specify which additional cases I should consider. ECF No. 128 at 3. I therefore examine the four cases specifically addressed in plaintiffs' motion.

First, plaintiffs' motion cites *United States v. Williams*, 615 F.3d 657, 660 (6th Cir. 2010), a Sixth Circuit case which cannot by itself show a violation was clearly established in this circuit. *Grissom v. Roberts*, 902 F.3d 1162, 1168 (10th Cir. 2018) (quoting *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012)) ("[I]n order for the law to be clearly established, there must be a

4

Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." (internal quotations omitted)).

Second, plaintiffs cite *United States v. Lopez*, 443 F.3d 1280 (10th Cir. 2006). *Lopez* gives me some pause, but I conclude it is not sufficiently factually similar to support a finding that the Fourth Amendment violation was clearly established. In *Lopez*, an officer encountered two men standing in the middle of the street next to a parked car with its engine running. *Id.* at 1282. The officer ran a license plate check, confirmed the car was not stolen, and saw that it was registered to a woman in Westminster, before proceeding to shine his spotlight on the individuals and approach. *Id.* The officer asked for the men's identification, which they provided. *Id.* Lopez's address matched that of the car's owner. *Id.* The officer instructed the men to stay by the car and proceeded to run a warrant check. *Id.* The Tenth Circuit found that that the encounter was no longer consensual after the officer retained the identification to run a warrant check. *Id.* at 1285.

*Lopez* presents some similarities to the instant case but is not sufficiently close to render the violation at issue "beyond debate." *Ali v. Duboise*, 763 F. App'x 645, 650 (10th Cir. 2019) (unpublished) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). The distinguishing differences include that in *Lopez*, the men were not in the car but standing in the street, and that the officer ran a plate check before approaching the men, so when he received the identification he already knew that the car was not stolen and that Lopez resided at the same address as the car owner. Despite this, he then ordered the men to wait by the car to run a warrant check. This case supports my previous conclusion that Deputy Fisher's actions constituted a seizure.

However, because it presents too many factual dissimilarities, it cannot support a finding that Deputy Fisher's particular conduct here was a clearly established violation.

Third, plaintiffs cite *United States v. Gaines*, 918 F.3d 793, 797 (10th Cir. 2019). The Tenth Circuit issued *Gaines* in 2019, three years after the events in this case occurred. Had *Gaines* been the law of this circuit before plaintiffs encountered Officer Fisher, this case might have come out differently. However, the qualified immunity analysis only considers what law was clearly established "at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 811, 172 L. Ed. 2d 565 (2009).

Fourth, plaintiffs cite *Cortez v. McCauley*, 478 F.3d 1108 (10th Cir. 2007), which is far too factually distinct from the instant case to show the violation was clearly established. In *Cortez*, the Tenth Circuit found that Rick Cortez had been seized when the police pulled him from the doorway of his home, advised him of his *Miranda* rights, and placed him in the back of a squad car. *Id.* at 1116. The court then found that Tina Cortez was also seized when she was ordered out of her house, taken by the arm and escorted out of her bedroom, and placed in the back of a squad car and questioned. *Id.* at 1123. This case has almost no factual similarity to plaintiffs' experience and cannot provide support for a finding that the violation was clearly established.

Plaintiffs argue that though these cases might not be factually similar to theirs, they need not cite factually identical case law, but only cases "with a sufficient degree of factual correspondence." ECF No. 122 at 4. Plaintiffs present case law stating that "a case on point isn't required" to show something is clearly established, *Kerns v. Bader*, 663 F.3d 1173, 1186 (10th Cir. 2011), and that "some level of generality is appropriate," *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1258 (10th Cir. 1998). *See also Hope v. Pelzer*, 536 U.S. 730 (2002); *Anderson*

*v. Creighton*, 483 U.S. 635 (1987); *Medina v. City & Cty. of Denver*, 960 F.2d 1493 (10th Cir. 1992).  I agree.

However, in the years since plaintiffs' cited cases were published, the Supreme Court has clarified that while courts may not "define clearly established law at a high level of generality," *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011)), "existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.* (quoting *al–Kidd*, 563 U.S. at 741).  Thus, the court must consider "whether the violative nature of *particular* conduct is clearly established."  *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (emphasis in original).  "This inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"  *Id.* (quoting *Brosseau*, 543 U.S. at 198).  Finally, the Supreme Court noted that "[s]uch specificity is especially important in the Fourth Amendment context, where the Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts.'"  *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

*Mullenix* and its Supreme Court and Tenth Circuit progeny have reiterated again and again that though plaintiffs need not present a factually *identical* case, they must present precedent showing that the particular conduct was a clearly established violation.  *See, e.g.*, Z*iglar v. Abbasi*, 137 S. Ct. 1843, 1866 (2017); *White v. Pauly*, 137 S. Ct. 548, 552 (2017); *Ali*, 763 F. App'x at 650.  This is a fine line.  However, I conclude that the cases to which plaintiffs point do not establish that defendants' conduct was a clearly established violation at the time it occurred.  In sum, while I have reconsidered the previous order, as was reasonably requested, I come to the same conclusion that defendants are entitled to qualified immunity on these facts.

# ORDER

Plaintiffs' Motion to Alter or Amend a Judgment, ECF No. 122, is DENIED.

DATED this 1st day of July, 2020.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge